CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 19, 2013

LETTER TO COUNSEL

      RE:        *Leneka M. Jones v. Commissioner of Social Security*;
                  Civil No. SAG-12-2302

Dear Counsel:

      On August 3, 2012, claimant Leneka M. Jones petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Jones's reply letter, which does not add any new information or arguments. (ECF Nos. 14, 18, 19). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Jones filed her claims for benefits on January 8, 2009, alleging disability beginning on October 15, 2008. (Tr. 125-31). Her claims were denied initially on June 25, 2009, and on reconsideration on December 30, 2009. (Tr. 66-73, 76-79). On June 21, 2010, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 23-59). On September 15, 2010, the ALJ issued an opinion denying benefits. (Tr. 5-22). The Appeals Council denied Ms. Jones's request for review, (Tr. 1-3), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Jones suffered from the severe impairments of human immunodeficiency virus, manic depressive disorder, and obesity. (Tr. 10-11). Despite these impairments, the ALJ found that Ms. Jones had retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can lift and carry 50 pounds occasionally and 25 pounds frequently; stand/walk for 6 hours and sit for 6 hours in a given workday; should avoid ladders, scaffolds, and dangerous heights; should avoid concentrated exposure to heat and cold, dust, fumes, and gases; limited to simple, unskilled work; limited in the amount of contact with the general public; she may have some real difficulty relating to a boss, accepting instructions from a boss, and dealing with immediate supervisory figures, however with adequate effort she can do it; she may have

>   some trouble functioning independently, be it standards for productivity, keeping scheduled work breaks down, knowing when it is time to do this or that and getting it done, however she is able to do this; other people may be a distraction, however she can work around others but it may take some self control; and she can concentrate and pay attention given customary work breaks.

(Tr. 12-13). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Jones could perform both her past relevant work as a housekeeper and picker/packer and other work existing in the local and national economy, and that she therefore was not disabled. (Tr. 16-17).

Ms. Jones makes several arguments in support of her appeal, relating primarily to the unavailability of records from her treating mental health provider, Dr. Rockelli, and the inadequacy of her RFC. I agree that the ALJ failed to provide sufficient explanation regarding her RFC determination, particularly as it related to the area of Ms. Jones's social functioning and interaction. For that reason, remand is warranted.

With respect to Dr. Rockelli, during the hearing, counsel for Ms. Jones represented that she had already requested the treatment records from Dr. Rockelli's office and would submit them within 10 days. (Tr. 50-51). In response to the ALJ's question about whether counsel anticipated Dr. Rockelli would cooperate in providing the records, counsel responded, "[y]es. I know she will. I will report to her office if she doesn't because it's within a stone's throw of my office." (Tr. 51). Counsel's representation about her ability and efforts to obtain materials from Dr. Rockelli were appropriate, in light of the claimant's burden to furnish medical and other evidence for the ALJ to consider in support of the claim and the duty of the representative to assist in those efforts. *See* 20 C.F.R. § 414.1512(a), (c); 20 C.F.R. § 404.1740(b)(1). Two days after the hearing, Ms. Jones's counsel submitted a one-page letter from Dr. Rockelli, without any accompanying treatment notes. (Tr. 403-04). Counsel did not indicate, at that time, any difficulty in obtaining any additional information from Dr. Rockelli. Moreover, as the Commissioner noted, Ms. Jones has not subsequently submitted any treatment notes from Dr. Rockelli, either at the Appeals Council stage or before this Court. Def. Mot. 11. There is therefore no indication that any treatment notes or other records from Dr. Rockelli are in fact available.

Moreover, I cannot find that the ALJ had an inadequate record on which to determine whether Ms. Jones was disabled. As to Ms. Jones's mental health issues, the ALJ reviewed a consultative examination report (Tr. 349-54), reports from a reviewing state agency non-examining physician (Tr. 355-72), notes from treating physicians referencing her mental health condition (Tr. 320, 394), and the opinion letter from Dr. Rockelli (Tr. 404). An ALJ is only required to recontact a medical source when the evidence is inadequate to determine disability. *See Richardson ex rel. J.D. v. Astrue,* No. PWG-09-93, 2012WL845650, at *2 (D. Md. Mar. 12, 2012). Because the ALJ in this case had sufficient evidence on which to premise a determination, I cannot find that the ALJ erred in failing to seek additional information from Dr. Rockelli.

However, the ALJ's analysis of the available record did not provide adequate evidentiary support for her RFC finding. The ALJ assigned "little weight" to Dr. Rockelli's opinion based on the absence of treatment records "and inconsistency with the record as a whole." (Tr. 15). The ALJ did not identify what specific evidence in the record was inconsistent with Dr. Rockelli's opinion. In fact, the ALJ's summary of Section III of Dr. Payne's MRFC form left out certain material information that comported with Dr. Rockelli's assessment. Specifically, with regard to social interaction, Dr. Payne noted that Ms. Jones "is more comfortable alone. She is likely to function best with tasks that can be completed alone." (Tr. 357); *compare* (Tr. 404) (Rockelli opinion noting that Ms. Jones "has extreme difficulty interacting with others and prefers to spend much of her time by herself."). The ALJ did not discuss those findings, or the diagnosis of psychotic features made by both Dr. Rockelli and Dr. McLeroth. (Tr. 320, 404).

Instead, the ALJ's RFC appears to suggest that Ms. Jones's difficulties with social interaction, which were noted by multiple treating sources, can be controlled with "adequate effort" or "self control." (Tr. 13). No medical evidence appears to suggest that finding, and the ALJ did not explain how she reached that conclusion. As a result, the hypothetical the ALJ posed to the VE was (a) not supported by substantial evidence and (b) inherently contradictory. In the hypothetical and the corresponding RFC, the ALJ suggested that Ms. Jones suffered from certain limitations, but then suggested that she was capable of overcoming those limitations with effort or self control. The record is therefore unclear as to whether the VE took the limitations into account when proposing potential jobs. The case will be remanded for an adequate explanation of the ALJ's RFC finding and reasons for rejecting Dr. Rockelli's opinion, and for rehearing at which a clearer hypothetical question can be posed to the VE. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Jones is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Ms. Jones's motion for summary judgment (ECF No. 14) and Defendant's motion for summary judgment (ECF No. 18) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge